### No. 167

### VITARO v. VITARO

Ohio Appeals, 9th Dist., Wayne Co.

Nos. 820 an d821.  Decided Jan. 10, 1927

677.  JUDGMENTS & DECREES—Where a motion is made by the plaintiff to vacate a judgment of the Common Pleas in a divorce case, on the grounds that the court had no jurisdiction to render said decree, and to render a decree affecting title to real estate, the homestead of the parties having been awarded to the defendant, the only relief was to have the judgment reviewed, and there having been a failure to do this, these two grounds of the motion were properly overruled.

#### First Publication of this Opinion

PARDEE, P. J.

Lorenzo Vitaro filed his petition for divorce in the Wayne Common Pleas against Mary Vitaro who filed an answer and cross-petition praying for alimony.  Upon motion of the plaintiff, his petition was dismissed and the case heard on the cross-petition.  Defendant was awarded the homestead for alimony, and plaintiff was ordered to pay $35.00 per month for support of minor children.

Subsequently plaintiff moved to set aside the decree on the grounds that the court had no

jurisdiction to render the decree affecting title to real estate; and that the judgment and decree were irregularly obtained. Prior to this motion plaintiff filed a new petition and later an amended petition in which he asked that the decree be vacated and in his second cause of action be prayed for a divorce. A demurrer to the first cause of action was sustained; and the hearing was had on the motion and the new divorce case at the same time.

Plaintiff's motion was dismissed and a divorce refused him; and a divorce was granted to the defendant on her cross-petition and she was found to be the sole owner of the homestead referred to, in which plaintiff's right to dower was barred.

Error was prosecuted to these two cases, and it was claimed that the trial court erred in sustaining the demurrer to the first cause of action in the amended petition, and in refusing to sustain the motion asking for a vacation of the original judgment. The Court of Appeals held:

1. In this state, jurisdiction in divorce and alimony matters, under the Constitution, is given to the Common Pleas Courts. Jurisdiction of persons in civil actions is acquired in one of the methods prescribed by law, and in this case the jurisdiction was complete, as it was acquired over both of the parties in one of the prescribed methods, as shown by the record.

2. If the court made an erroneous judgment, it having jurisdiction of both the subject matter and the parties, the complaining party, in order to have relief, would have to have that judgment reviewed in a reviewing court; and as this was not done, the first two grounds of the motion in regards to jurisdiction of the court are not well taken and were properly overruled.

3. It is claimed that the court erred in sustaining the demurrer to the first cause of action in the amended petition. The action of the court in sustaining the demurrer was correct as the petition did not state a cause of action; but if it had been found that the amended petition did state a cause of action and that the trial court committed error in sustaining the demurrer and the cause were remanded, no benefit could be derived by the plaintiff, for in the new and independent action for divorce an absolute divorce was granted to the defendant and the court found her to be the owner of the homestead; and as proceedings in error were not prosecuted to that decree, the same would be binding upon plaintiff whatever the result might be upon said demurrer.

Judgment affirmed.

(Washburn & Funk, JJ., concur.)

Attorneys—H. R. Smith and E. S. Wertz for plaintiff; Weygandt & Ross for defendant; all of Wooster.